IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOYCE ANN ROSENTRITT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:12-cv-1346-O (BF) |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Joyce Ann Rosentritt brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). For the following reasons, the District Court should AFFIRM the Commissioner's decision.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments, including bowel problems, irritable bowel syndrome, bladder control loss, chronic obstructive pulmonary disease, severe leg pain, a heart attack, stent placement, cardiopulmonary disease, chest pain and shortness of breath, generalized anxiety disorder, panic attacks, major depressive disorder, memory loss, headaches, bilateral hand pain, insomnia, and bilateral arm pain. *See* Pl. Br. at 2-3. After her application for disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge. That hearing was held on March 1, 2011. (*See* Tr. at 19). At the time of the hearing, Plaintiff was 55 years old. (*Id.* at 21). She has a tenth-grade education and

past work experience as a production worker, a cafeteria server, a store cashier, and a residential aide. (*Id.* at 22-25). Plaintiff has not engaged in substantial gainful activity since May 23, 2008, which is her alleged onset date. (*See id.* at 12).

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits under the Act. More specifically, the ALJ determined at Step 2 of the sequential evaluation process that there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through December 31, 2008, the last date Plaintiff met the insured status requirements under the Act. (*Id.* at 12-13). Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

### Legal Standards

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

    (1)    an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan* , 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which

3

is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## Analysis

In this case, the ALJ determined at Step 2 of the sequential evaluation process that "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment" through December 31, 2008, the date Plaintiff last met the insured status requirements under the Act. (Tr. at 12). The ALJ thus held that Plaintiff was not disabled during the relevant time period and not entitled to DIB. (*Id.* at 13). Plaintiff contends that the ALJ erred in finding her not disabled because she established by medical evidence "a mental or physical disability in accordance with the Listing of Impairments, Appendix 1, Subpart P of Regulations No. 4." Pl. Br. at 8. Plaintiff also contends that the ALJ improperly rejected her subjective complaints of pain and failed to properly assess her residual functional capacity ("RFC") to perform other work in the national economy. *Id.* at 9, 14.

The Court initially observes that an ALJ need not consider whether a claimant's condition meets or medically equals a listed disorder at Step 3 of the sequential analysis or assess the claimant's RFC thereafter unless the claimant first establishes at Step 2 that she has a severe impairment or combination of impairments. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (if at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis). A severe impairment is a medically determinable

4

impairment which is more than a slight abnormality having such a minimal effect on an individual that it would not be expected to interfere with the individual's ability to work irrespective of age, education, or work experience. 20 C.F.R. § 404.1520(c); *Stone v. Heckler*, 752 F.2d 1099, 1104-05 (5th Cir. 1985). Here, the ALJ found that there were no medical signs or laboratory findings to substantiate the existence of any medically determinable impairment -- much less a severe impairment -- through December 31, 2008. Plaintiff does not challenge this threshold determination. Thus, the ALJ properly terminated his analysis at Step 2, and no remand is required.

Plaintiff's argument that she has established a mental or physical disability in accordance with the Listings is without merit. It is the claimant's burden to prove that her impairment or combination of impairments meets or equals a Listing. 20 C.F.R. § 404.1520(d); *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). That burden is satisfied when the claimant provides and identifies medical signs and laboratory findings that support *all* the criteria for a disability determination based on the Listings. *McCuller v. Barnhart*, 72 Fed.Appx. 155, 158 (5th Cir. 2003); *Selders*, 914 F.2d at 619; 20 C.F.R. § 404.1526(a). If the claimant fails to provide and identify medical signs and laboratory findings that support all the criteria of a Listing, the Court must conclude that substantial evidence supports the ALJ's finding that the required impairments for any Listing are not present. *Selders*, 914 F.2d at 620. Plaintiff wholly fails to identify any evidence to establish that her alleged impairments satisfy all the criteria for a specific Listing. Indeed, Plaintiff fails to identify any specific Listing, or even state whether the Listing pertains to a mental or a physical impairment. Plaintiff's vague and conclusory assertion that "[a]ll of the medical reports support a finding of disabilty" based upon the criteria of an unidentified Listing do not warrant remand.

Nor is remand required because the ALJ's decision comprises "little more than one typed page" or is "the shortest written decision that counsel has ever received on behalf of a claimant." Pl. Br. at 8. Brevity, in itself, is not error.

Further, the ALJ did not err in failing to consider Plaintiff's subjective complaints of pain. The social security regulations establish a two-step process for evaluating subjective complaints of pain and other symptoms. First, the ALJ must consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the pain or other symptoms alleged. *See* SSR 96-7p, 1996 WL 374186, at *2 (Jul. 2,1996). Where such an impairment has been proved, the ALJ must evaluate the intensity, persistence, and limiting effects of the symptoms to determine whether they limit the ability to do basic work activities. *Id.*; *see also* 20 C.F.R. § 404.1529. Because Plaintiff failed to prove any underlying medically determinable physical or mental impairment, the ALJ was not required to take any further action with respect to Plaintiff's subjective complaints of pain.

After reviewing the record, the Court determines that the ALJ's decision that Plaintiff failed to prove medical signs or laboratory findings to substantiate the existence of a severe impairment was supported by substantial evidence. Plaintiff's medical records document her treatment for a myocardial infarct in May 2008, diagnoses of pneumonia and chronic obstructive pulmonary disease, and her subjective complaints of pain. However, the diagnosis of symptoms or a condition, without more, is insufficient to establish that a condition is "severe." *See Musgrove v. Astrue*, No. 3:07-CV-0920-BD, 2009 WL 3816669 at *3 (N.D. Tex. Nov.13, 2009) (citing cases). Plaintiff bears the burden of proving that the diagnosed condition limits or interferes with her ability to engage in work-related activities. *Id.*; *see also McClatchy v. Barnhart*, No. ASA-03-A-0914-X, 2004 WL 2810100

at *6 (W.D. Tex. Dec.3, 2004), *rec adopted*, 2005 WL 1593395 (W.D. Tex. Jun. 30, 2005). Here, Plaintiff asks the Court to assume that her alleged impairments limited her ability to work, but she does not identify any particular work limitation resulting from these conditions. Nor does she offer any explanation for how these conditions limit her ability to work. There is no evidence that a treating or consulting physician ever placed any restrictions on Plaintiff's ability to perform work activities because of her conditions. Thus, the evidence simply does not show that Plaintiff's alleged impairments were "severe" at any time on or before December 31, 2008.

## RECOMMENDATION

The Court recommends that the District Court AFFIRM the final decision of the Commissioner.

SO RECOMMENDED, August 28, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of the Findings, Conclusions, and Recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify the part of the findings, conclusions, and recommendation to which an objection is being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections within 14 days after being served with a copy of the Findings, Conclusions, and Recommendation shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).